# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20330

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019

Lyle W. Cayce
Clerk

AL COHEN,

Plaintiff–Appellant,

versus

ALLSTATE INSURANCE COMPANY; RACHAEL G. RAY,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, GRAVES, and WILLETT, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Al Cohen sued Allstate Insurance Company ("Allstate") and its agent, Rachael Ray, for breach of contract after Allstate refused to pay a claim for flood damage. Finding no error, we affirm a summary judgment.

## I.

Congress enacted the National Flood Insurance Act of 1968 ("NFIA")[1] "to

---

[1] Housing and Urban Development Act of 1968, Pub. L. No. 90-448, tit. XIII, 82 Stat. 476, 572–89 (codified as amended at 42 U.S.C. §§ 4001–4131) (2012).

make flood insurance available on reasonable terms and to reduce fiscal pressure on federal flood relief efforts." *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). NFIA established the National Flood Insurance Program ("NFIP"),[2] which permits private insurers, such as Allstate, to issue insurance policies—known as Standard Flood Insurance Policies ("SFIPs")—on behalf of the federal government. *Id.* at 752, 754. Such insurers are referred to as Write-Your-Own ("WYO") carriers. *Id.* at 752; *see also* 44 C.F.R. § 62.23 (2018).

Under this arrangement, the government underwrites the policies, while WYO carriers act as "fiscal agents of the United States," *Gowland v. AETNA*, 143 F.3d 951, 953 (5th Cir. 1998), by performing administrative tasks, including adjusting, settling, paying, and defending all claims, *Campo*, 562 F.3d at 754. Private insurers are required to issue policies employing the precise SFIP terms and conditions outlined in FEMA regulations, which also dictate the way private insurers adjust and pay claims. *Id.* Despite the central role played by WYO carriers, the claims are paid from the U.S. Treasury. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005).

All SFIP claims are subject to a statute of limitations. 42 U.S.C. § 4072. An individual suing to recover money under an SFIP must initiate the lawsuit "within one year after the date of the written denial of all or part of the claim." 44 C.F.R. pt. 61, app. A(1), art. VII(R) ("article VII(R)"). The limitations provision applies to any claim brought under the policy and to any dispute arising from the handling of such claim. *Id.*

## II.

In October 2015, Cohen sought to purchase an SFIP from Allstate to cover his house and his detached garage apartment. Relying on assurances

---

[2] *Campo*, 562 F.3d at 754. The NFIP is administered by the Federal Emergency Management Agency ("FEMA"). *Id.*

from Ray that he did not need separate flood insurance policies for the house and apartment, Cohen bought a single policy for both. The policy had coverage limits of $150,000 for building damage and $60,000 for personal-property damage (damage to contents). After a flood on April 18, 2016, which damaged the house and apartment and their contents, Cohen discovered that his SFIP did not cover the apartment or its contents. He notified Allstate of the damage and initiated two claims: one for building damage and another for personal-property damage. Based on an independent adjuster's report, Allstate determined that the damage under the building policy was $55,506.28. On May 27, it sent Cohen and John Kubala, Cohen's public insurance adjuster, a proof-of-loss form for that amount.[3]

On June 3, Cohen responded by sending Allstate his own proof of loss, claiming $93,871.67 in building damages. He did not provide supporting documentation. Allstate denied Cohen's unsupported proof of loss. On July 19, Cohen executed Allstate's original proof-of-loss form for building damage, and Allstate issued payment two days later.

Separate from Cohen's execution of the proof-of-loss form for building damage, Allstate mailed Cohen another letter (the "July 19 letter"). It purported, *inter alia*, to (1) "close the personal property portion of [Cohen's] claim without payment until such time as [Allstate] receive[d] further supporting documentation," (2) "deny coverage for various items that [Cohen] claim[ed] pending documentation of replacement from [his] prior flood loss," and (3) "deny coverage for the damage to [Cohen's] second residence," a detached garage apartment.[4]

---

[3] A proof-of-loss form is a claimant's inventoried damage estimate. *See* 44 C.F.R. pt. 61, app. A(1), art. VII(J).

[4] The July 19 letter also provided that "[i]f [Cohen did] not agree with [Allstate's] decision to deny [his] claim, in whole or in part, [f]ederal law allow[ed] [him] to appeal that

No. 18-20330

Allstate continued to investigate and process Cohen's personal-property claim, even after it sent the July 19 letter. It dispatched an independent adjuster to evaluate the flood damage; the adjuster made a damage estimate of $3,852.13. Allstate sent Cohen a proof-of-loss form for that amount on his personal-property claim, and Cohen executed the form on November 22. Allstate paid on December 2.

## III.

Cohen sued on August 14, 2017,[5] asserting (1) breach of contract; (2) misrepresentation of an insurance policy in violation of TEX. INS. CODE ANN. § 541.061; (3) fraud, fraudulent misrepresentation, and negligent misrepresentation; and (4) false, misleading, or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. §§ 17.46(b), 17.50(a)(4). Allstate and Ray moved for summary judgment. The district court granted summary judgment and dismissed with prejudice.

The district court found that Cohen's breach-of-contract claim was barred by the one-year statute of limitations because the July 19 letter constituted a written denial of all or part of his claim. The court also determined that Cohen's other claims were foreclosed as a matter of law by established precedent, including *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947), *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984), and *Spong v. Fidelity National Property & Casualty Insurance Co.*, 787 F.3d 296 (5th Cir. 2015). Cohen filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, citing *Westmoreland v. Fidelity National Indemnity Insurance Co.*, No. 13-564-JWD-RLB, 2015 WL

---

decision within 60 days of the date of [the] denial letter."

[5] Cohen filed suit about eight months after Allstate paid his personal-property claim and thirteen months after it sent the July 19 letter.

4

No. 18-20330

3456634 (M.D. La. May 29, 2015). The district court denied the motion.[6]

IV.

Cohen raises two issues on appeal. First, he asserts the district court erred in granting summary judgment to Allstate on his breach-of-contract claim after it found that the claim was time-barred. Second, Cohen contends the court abused its discretion in denying his Rule 59(e) motion.

A.

We review a summary judgment *de novo*. *Campo*, 562 F.3d at 753. "We generally review a decision on a motion to alter or amend judgment for abuse of discretion, although to the extent that it involves a reconsideration of a question of law, the standard of review is *de novo*." *In re Deepwater Horizon*, 824 F.3d 571, 577 (5th Cir. 2016) (per curiam).

B.

Our analysis is governed by the NFIA, FEMA's flood insurance regulations, and federal common law. 44 C.F.R. pt. 61, app. A(1), art. IX. Construction of the flood insurance contract is a question of federal law for this court to decide. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

"Men must turn square corners when they deal with the [g]overnment." *Merrill*, 332 U.S. at 385 (citation omitted). This is especially true when a private party seeks money from the public fisc. *Cmty. Health*, 467 U.S. at 63. "[T]he Appropriations Clause prohibits the judiciary from awarding claims

---

[6] In denying the Rule 59(e) motion, the district court rejected Cohen's citation of *Westmoreland* "for the proposition that a denial based only on a request for evidence that prior property damage was repaired is not a denial of all or part of a claim." The court concluded that the *Westmoreland* court "did not consider whether an insurer's denial of payment, followed by an opportunity . . . to submit additional documents supporting the existence and extent of covered losses, denied all or part of a claim, and whether, as a result, the statute of limitations barred the policyholder's suit."

against the United States that are not authorized by statute." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 391 (9th Cir. 2000); *see also Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424–26 (1990).

Those seeking public funds are held to a demanding standard and are expected to comply with statutory requirements.[7] "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005). Claimants dealing with the government are presumed to have full knowledge of the law and cannot rely on the conduct of government officials to the contrary. *Cmty. Health*, 467 U.S. at 63.

An SFIP claimant "must comply strictly with the terms and conditions that Congress has established for payment." *Flick*, 205 F.3d at 394. That includes the relevant limitations period. "Strictly construed, 42 U.S.C. § 4072 provides a limited right to sue upon the disallowance of all or part of a claim, i.e. the complete or partial denial of a claim." *Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 666 (3d Cir. 2018). Under the statute (and related regulation), a claimant must sue within one year of the denial of all or part of his claim. 42 U.S.C. § 4072; article VII(R). "For the same reasons that we must narrowly construe the *type* of suit a policyholder may bring against a WYO carrier, we must also narrowly construe *when* a policyholder may bring suit." *Migliaro*, 880 F.3d at 667.

## C.

Cohen contends that the district erred in granting summary judgment because the purported claim denial in the July 19 letter did not identify any

---

[7] *Cmty. Health*, 467 U.S. at 63; *see also Gowland*, 143 F.3d at 954 (emphasizing that "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced").

specific item denied.  He notes that although no federal court has definitively outlined what constitutes an effective written denial, FEMA requires the insurer to identify the items denied.  Consequently, because the July 19 letter merely denied "coverage for various items," it did not qualify as a written denial of all or part of the claim sufficient to trigger limitations.[8]

In support of this, Cohen refers to FEMA Bulletin W-17013a,[9] which provides that WYO carriers must include certain information in all denial-of-coverage letters.  While acknowledging that the Bulletin's requirements only apply prospectively to denial letters sent after its publication, Cohen maintains that the basic rationale remains:  "[T]o be effective a written denial must identify the item denied."

Cohen also invokes *Westmoreland* for the proposition that 44 C.F.R. pt. 61, app. A(1), art. VII(K)(2)(e)—which Allstate cited in the July 19 letter in support of its denial—is not itself a basis for denying coverage.  Instead, Cohen maintains that the provision merely permits an insurer to request additional information.  *See Westmoreland*, 2015 WL 3456634, at *4.

Despite Cohen's contention that the July 19 letter was not a claim denial because it failed to identify specific items of personal property, he fails to cite a single authority—other than FEMA Bulletin W-17013a—in support of that position.  He readily concedes, however, that the Bulletin's requirements do not apply to denials issued before October 16, 2017.

Cohen's contention that he was subject to "inequitable process" is simi-

---

[8] More generally, Cohen claims that by denying coverage in this fashion, Allstate subjected him to an inequitable process.

[9] FED. EMERGENCY MGMT. AGENCY, W-17013A, DENIAL LETTER REQUIREMENTS (SUPERSEDES WYO BULLETIN W-17013) (Oct. 16, 2017) [hereinafter FEMA Bulletin W-17013a].  The Bulletin was issued about fifteen months after Allstate sent the July 19 letter.

larly unsupported by any legal authority. His pleadings and briefing indicate that he did, in fact, have notice that Allstate's July 19 letter was an express denial of his personal-property claim. As Allstate correctly highlights, Cohen did "not mention anywhere in his complaint or allege that Allstate failed to sufficiently deny the claim or . . . properly put him on notice that the claim was denied. To the contrary, . . . in paragraph 16 of [the] complaint[,] [Cohen states] that he sued Allstate for "wrongfully denying his [personal-property] claim." Moreover, as a participant in the federal flood insurance program, Cohen is presumed to have constructive knowledge of all rules and regulations associated with it. *See Cmty. Health*, 467 U.S. at 63.

Cohen's other theory—that 44 C.F.R. pt. 61, app. A(1), art. VII(K)(2)(e) "is not a basis for denial or exclusion from coverage"—does not explain why the July 19 letter (which states "we must respectfully deny coverage for various items that you are claiming pending documentation of replacement from your client's prior flood loss") is not a written denial of coverage. We agree with the district court that the *Westmoreland* decision is inapposite. In *Westmoreland*, a Louisiana district court merely interpreted the scope of 44 C.F.R. pt. 61, app. A(1), art. VII(K)(2)(e). *See* 2015 WL 3456634, at *3–4. It did not address the sister provision, article VII(R), at issue here. *Id.* Moreover, that Cohen disputes the adequacy of Allstate's grounds for denial does not speak to whether the July 19 letter was itself sufficient to trigger the limitations period. Strictly construed, it was. *Cf. Migliaro*, 880 F.3d at 667.

The letter states that Allstate was "writing to [Cohen] in regard to the Personal Property Coverage claim submitted under [his] National Flood Insurance Policy #4806043711." It denies coverage for all or part of his personal property claim, while expressing a willingness to reconsider that disposition upon receipt of additional documentation. That Allstate continued to process

Cohen's claim does not change this conclusion.[10]  Consequently, the July 19 letter was a written denial.  Because Cohen failed to sue within one year of that denial, the claim is barred by the relevant statute of limitations.  *See* art. VII(R); *see also* 42 U.S.C. § 4072.

In *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998), we "recognized that not even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] *regulation*, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury."  *Id.* at 545 (alteration in original) (internal quotation marks and citation omitted).  Because the district court did not err in granting summary judgment to Allstate or abuse its discretion in denying Cohen's Rule 59(e) motion, the judgment is AFFIRMED.

---

[10] *See Wagner v. Dir., FEMA*, 847 F.2d 515, 521 (9th Cir. 1988).  Allstate stresses that—to the extent Cohen raises a waiver or estoppel defense because Allstate continued to investigate his claim even after it sent the July 19 letter—"the federal regulations applicable in this case provide that no provision of the policy may be altered, varied, or waived without [the] express written consent of the Federal Insurance Administrator."  Because the Administrator provided no such consent, Cohen was obligated to comply strictly with the requirements of his SFIP.  *See* 44 C.F.R. pt. 61, app. A(1), art. VII(D).