# United States Court of Appeals for the Fifth Circuit

---

No. 24-60170
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2024

Lyle W. Cayce
Clerk

Mt. Pleasant Properties, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Wright National Flood Insurance Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CV-88

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Mt. Pleasant Properties, L.L.C. appeals the district court's order granting Defendant-Appellee Wright National Flood Insurance Company's Rule 12(b)(6) motion to dismiss. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60170

## I.

Wright insured Mt. Pleasant's property for loss under a Standard Flood Insurance Policy pursuant to the National Flood Insurance Program administered by the Federal Emergency Management Agency (FEMA). Mt. Pleasant's insured property sustained flood damage after Hurricane Zeta hit the coast of Mississippi in October 2020. Shortly after the hurricane's landfall, Mt. Pleasant filed a claim on its policy. Wright dispatched an independent adjuster to inspect the property and estimate the covered damage. Mt. Pleasant disagreed with that assessment, so it tendered a more favorable proof of loss. Wright rejected this submission and twice notified the insured, in writing, that Mt. Pleasant had yet to provide a properly executed proof of loss. For that reason, Wright denied the claim, again in writing, on February 23, 2021.

## II.

On April 4, 2023, Mt. Pleasant filed a complaint in district court seeking relief for a breach of the policy along with various state-law claims. Wright moved to dismiss under Rule 12(b)(6). In opposing Wright's motion, Mt. Pleasant alleged, for the first time, that Wright's allegedly conflicting and confusing written communications amounted to a breach of the duty of good faith and fair dealing under federal common law.

The district court granted Wright's motion and dismissed Mt. Pleasant's action with prejudice. The district court found that Wright's February 23, 2021 denial triggered the one-year limitations period for claims under the Standard Flood Insurance Policy.[1] Because Mt. Pleasant initiated

---

[1] 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(1), art. VII(O).

2

this action over two years after the denial, the district court held that Mt. Pleasant's only cognizable claim was time-barred.

## III.

We review a district court's dismissal "under Rule 12(b)(6) *de novo*, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'"[2]

A Standard Flood Insurance Policy is subject to "'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'"[3] A Standard Flood Insurance Policy "claimant must comply strictly with the terms and conditions that Congress has established for payment."[4] If the insurer denies a policyholder's claim, then a claimant seeking to challenge that decision must initiate a lawsuit "within one year after the date of the written denial of all or part of the claim."[5] This limitations requirement "applies to any claim brought under the policy and to any dispute arising from the handling of such claim."[6]

---

[2] *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[3] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015) (alteration in original) (quoting *Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008)).

[4] *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019) (internal citation and quotation marks omitted); *see also Gowland v. Aetna*, 143 F.3d 951, 954–55 (5th Cir. 1998).

[5] 44 C.F.R. pt. 61, app. A(1), art. VII(O); *see* 42 U.S.C. § 4072.

[6] *Cohen*, 924 F.3d at 778.

No. 24-60170

**IV.**

On appeal, Mt. Pleasant disputes the district court's finding that Wright's February 23, 2021 denial triggered the one-year limitations period. Mt. Pleasant argues that Wright's written communications were inaccurate and conflicting and that the district court erred in strictly applying the one-year time bar. It also argues that Wright's claim-handling violated the duty of good faith and fair dealing under federal common law.

We find no error. Every suit on a Standard Flood Insurance Policy must be filed within the one-year limitations period.[7] Because "[Mt. Pleasant] waited over two years from the denial of its claim to bring this action," the suit is time-barred.

Irrespective of the time bar, Mt. Pleasant never asserted an extracontractual duty-based claim in its complaint.[8] Nor did Mt. Pleasant amend its complaint to allege such a claim.[9] Thus, for both reasons, the district court correctly dismissed this claim under Rule 12(b)(6).

For these reasons and those in the district court's carefully crafted opinion, we AFFIRM.

---

[7] 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(1), art. VII(O).

[8] *See Brand Coupon Network, L.L.C. v. Catalina Mkg. Corp.*, 748 F.3d 631 (5th Cir. 2014) ("On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments thereto."); *see also Estes v. JPMorgan Chase Bank, N.A.*, 613 Fed. App'x 277, 280 (5th Cir. 2015) (per curiam) (holding that the district court did not err in failing to consider allegations raised for the first time in an opposition to a motion dismiss).

[9] Fed. R. Civ. P. 15(a)(1)–(2).