# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2026

Lyle W. Cayce
Clerk

No. 25-30548

DIANA REYNOLDS-STEVENS,

*Plaintiff—Appellant*,

*versus*

BANKERS SPECIALTY INSURANCE COMPANY,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-4905

_____

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

Three natural disasters in short succession damaged Diana Reynolds-Stevens's home in Lake Charles, Louisiana. Dissatisfied with the handling of her claims, Reynolds-Stevens sued her insurance company, Bankers Specialty Insurance. The district court granted summary judgment to the insurer. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30548

## I

During the 2020 hurricane season, Hurricanes Laura and Delta made landfall in Louisiana within six weeks of each other. Hurricane Laura damaged Reynolds-Stevens's home on August 27. The Laura-related damage had not been repaired when flooding from Hurricane Delta further damaged the home on October 9. Seven months later, in May of 2021, a flood caused additional damage.

Bankers Specialty Insurance Company was Reynolds-Stevens's insurance provider. Two separate insurance policies are relevant to this appeal: a Bankers Specialty homeowners policy covering the period between October 1, 2019 and October 1, 2020, and a National Flood Insurance Program (NFIP) policy administered by Bankers Specialty covering the period between August 15, 2020 and August 15, 2021. Reynolds-Stevens voluntarily dismissed her claim against Bankers Specialty in its capacity as her homeowners insurer. Only her breach of contract claim against Bankers Specialty as her flood insurer (and related state-law claims) are at issue in this appeal.

After Hurricane Laura, Reynolds-Stevens made a claim for wind-related damages under her homeowners policy. Shortly thereafter, the insurance company informed her that they would not be renewing the homeowner's policy, which would expire on October 1. When Hurricane Delta struck on October 9, Reynolds-Stevens had only flood insurance. She filed a claim under the flood policy for damages stemming from Hurricane Delta.

Bankers Specialty acknowledged the flood claim and assigned it to an independent adjuster. The adjuster inspected the property and determined that none of the Hurricane Laura wind damage had been repaired prior to the Hurricane Delta flood damage. Bankers Specialty informed Stevens-

2

Reynolds that it would not cover preexisting damage from Hurricane Laura under the flood policy: "We need to deny all damages from prior Hurricane Laura, it appears the damages had not been repaired prior to this flood event, therefore we cannot duplicate payments for the same damage." It offered payment only for "clean up and dryout" and informed Stevens-Reynolds of the denial on December 22, 2020.

Stevens-Reynolds's home suffered additional flooding on May 17, 2021. She made an additional claim under the flood insurance policy. The adjuster noted that no repairs had been made, either under "the prior loss estimate [nor] the homeowners estimate for hurricane Laura." Again, Bankers Specialty proposed payment for "clean-up and dry-out only," pending Reynolds-Stevens providing a Proof of Loss form. On August 9, 2021, Bankers Specialty formally denied payment above and beyond clean-up and dry-out, citing "lack of cooperation in providing a Proof of Loss or documentation detailing damages by flood."

On August 26, 2022, Reynolds-Stevens sued Bankers Specialty. Her amended complaint asserts that Bankers Specialty breached the insurance contracts, and that it did so in a way that constituted bad faith and negligent infliction of emotional distress under Louisiana law. The district court's jurisdiction derived from the fact that the dispute involved an NFIP policy;[1] it exercised supplemental jurisdiction over the state-law claims.

---

[1] *See* 42 U.S.C. § 4072 (conferring jurisdiction for NFIP disputes on "the United States district court for the district in which the insured property or the major part thereof shall have been situated").

No. 25-30548

## II

Reynolds-Stevens's NFIP policy was a Standard Flood Insurance Policy (SFIP).  "The terms of SFIP policies are dictated by FEMA."[2] "Payments on SFIP claims come ultimately from the federal treasury."[3] Bankers Specialty acts as a Write-Your-Own carrier, a program that "allows private insurers to issue flood insurance policies in their own names."[4] Reynolds-Stevens's SFIP provided:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.  If you do sue, *you must start the suit within 1 year after the date of the written denial of all or part of the claim*, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss.  *This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.*[5]

The statute that confers federal jurisdiction over NFIP disputes similarly provides:

> [U]pon the disallowance by the Administrator of any such claim . . . the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the administrator, may institute an action against the Administrator . . . in the United States district court for the

---

[2] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) (citing 44 C.F.R. §§ 61.4(b), 61.13(d)).

[3] *Id.* (citing *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998).

[4] *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

[5] *See* 44 C.F.R. pt. 61 app. A(1)(VII)(O) (2026).

No. 25-30548

district in which the insured property . . . shall have been situated . . . .[6]

Bankers Specialty attached to its motion for summary judgment the denial letters corresponding to each of Reynolds-Stevens's flood insurance claims. Each constituted a "written denial of . . . part of the claim" and thus triggered the one-year limitations period.[7] The first is dated December 22, 2020; Reynolds-Stevens had until December 22, 2021, to file suit on that claim. The second is dated August 9, 2021; Reynolds-Stevens had until August 9, 2022 to file suit on that claim. She did not file suit until August 26, 2022. Because her "action did not arrive in federal court within one-year of [her] claim[s'] denial, it is time-barred."[8]

Reynolds-Stevens alleges several deficiencies in Bankers Specialty's handling of her claims. She argues that factual disputes remain, for instance, whether damage was caused by wind or flood. In the absence of a timely suit, however, these disputes cannot create a genuine issue of material fact for trial. Summary judgment was appropriate on Reynolds-Stevens's time-barred breach-of-contract claim.[9]

---

[6] 42 U.S.C. § 4072; *see Ekhlassi v. Nat'l Lloyds Ins. Co.*, 926 F.3d 130, 138 (holding that the time bar in § 4072 applies to actions against Write-Your-Own carriers).

[7] *See Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780-81 (5th Cir. 2019) (rejecting argument that denial letter did not constitute "claim denial" because it "did not identify any specific item denied").

[8] *Ekhlassi*, 926 F.3d at 135.

[9] *See Higgenbotham v. Ochsner Found. Hosp.*, 607 F.2d 653, 657 (5th Cir. 1979) ("A claim barred by the applicable statute of limitations may properly be disposed of by summary judgment.").

No. 25-30548

### III

"[S]tate law tort claims arising from claims handling by a [Write-Your-Own Insurer] are preempted by federal law."[10] Reynolds-Stevens's negligent infliction of emotional distress claim is a state law tort claim arising from Bankers Specialty's claims handling. Because Reynolds-Stevens has failed to create a question of material fact as to whether this claim is preempted by federal law, summary judgment was appropriate.

Reynolds-Stevens also asserted a claim of "bad faith" under Louisiana law. During the effective period of the flood policy at issue, Louisiana law imposed "a duty of good faith and fair dealing" on insurers.[11] Insurers who breached this duty were liable for damages arising from the breach, plus penalty damages.[12] Even assuming that "bad faith" under Louisiana law is not a tort and thus not among the state-law *tort* claims that out court in *Wright* found preempted by federal law,[13] Reynolds-Stevens's claim is time-barred by the language of the policy itself. "Because the NFIP puts at stake the government's liability, its regulations implicate sovereign immunity."[14] "Therefore, 'the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced.'"[15]

---

[10] *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005); *see also Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 637 (4th Cir. 2017) ("[E]very other circuit to have considered this issue has concluded that state-law claims against write-your-own insurance providers are preempted by federal law.").

[11] La. Stat. Ann. § 22:1973 (effective until 2024); *see also* La. Stat. Ann. § 22:1892.

[12] *Id.*

[13] *See Wright*, 415 F.3d at 390.

[14] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

[15] *Id.* at 532 (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)); *see also West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("Since the flood insurance program is a

No. 25-30548

Reynolds-Stevens's SFIP required that "any claim that [she] may have under this policy and . . . any dispute that [she] may have arising out of the handling of any claim under the policy" be filed within a year of the denial or partial denial of her claim. Reynolds-Stevens's bad faith claim was therefore untimely.[16]

We AFFIRM.

_____

child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program . . . it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.").

[16] *See Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018) ("For the same reasons that we must narrowly construe the *type* of suit a policyholder may bring against a [Write-Your-Own] carrier, we must also narrowly construe *when* a policyholder may bring suit.").