In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2498

DANIEL J. HALL,

*Plaintiff-Appellant,*

*v.*

CAROLYN W. COLVIN, Acting Commissioner of Social
Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-00993-JMS-MJD — **Jane E. Magnus-Stinson**, *Judge.*

SUBMITTED JANUARY 20, 2015 — DECIDED FEBRUARY 20, 2015

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. This is an appeal by an applicant
for social security disability benefits named Daniel Hall, who
was turned down by the Social Security Administration se-
conded by the district court. An aviation mechanic dis-
charged in 2001 by the military (we are not told which
branch) because of pain from an ankle injury, he was
deemed by the Department of Veterans Affairs to be 70 per-

cent disabled and, more important, to be "unemployable" in "a substantially gainful occupation" and therefore totally disabled. 38 C.F.R. § 4.16. In 2010 he applied for social security disability benefits on the ground that pain from his ankle injury, together with back and knee pain and other ailments, had steadily worsened and by 2009 had rendered him totally disabled under the standards of the Social Security Act.

Between 2005 and 2011 he underwent a series of physical examinations and diagnostic tests. Some of the results were normal but many were not, and revealed torn ligaments, obesity (a BMI varying between 30 and 32—and 30 is considered the threshold of obesity), possible arthritis in a knee and ankle, an "alignment problem" in his back, and fibromyalgia. At his hearing before administrative law judge Blanca B. de la Torre, Hall testified that he can't sit continuously for more than half an hour or stand continuously for more than an hour, is incapacitated by his pain for at least six days a month, of the 12 days per month on which his wife is working and he is home alone with the children he is incapacitated for six of them and has to get help from his father to take care of the children, and that often when his wife is at home he has to lie on his back and apply heat or ice to his body to alleviate his pain. Including pain killers and muscle relaxants, he takes four meds daily and they make him "drowsy" and "foggy."

On the basis of the evidence presented at the hearing a vocational expert concluded that if as one of the doctors had said Hall can't sit continuously for more than 15 minutes or stand for more than 10 (which may be underestimates—see preceding paragraph) and if his testimony about his pain

was credible, then Hall was indeed totally disabled, but otherwise he could perform such jobs as general office clerk, hand packer, or ticket checker.

The administrative law judge concluded that Hall was not totally disabled, albeit severely impaired by the effects of a torn ligament in his ankle, obesity, and a torn meniscus in his knee. (The meniscus is a piece of cartilage in the knee—and a tear of it can be extremely painful. WebMD, "Fitness & Exercise: Knee Injury and Meniscus Tear," www.webmd.com/fitness-exercise/meniscustear (visited Feb. 11, 2015, as were the other websites cited in this opinion).) She emphasized that Hall spends what she called a "significant" amount of time taking care of his children, though it's only 12 days a month and on half of them he needs his father's help.

The administrative law judge expressed skepticism that Hall's medications make him drowsy, and was critical that he had sought physical therapy only belatedly, implying that he is the author of his troubles. She gave "little weight" to a doctor's testimony that supported Hall's claims of pain, in part because the doctor had seen Hall only three times. She thought it suspicious that he hadn't seen doctors more frequently, though he explained that it's very difficult to get an appointment with a Veterans Administration doctor. (Delay in obtaining such appointments has become notorious. See, e.g., Richard A. Oppel Jr. and Abby Goodnough, "Doctor Shortage Is Cited in Delays at V.A. Hospitals," *New York Times*, May 29, 2014, www.nytimes.com/2014/05/30/us/doctor-shortages-cited-in-va-hospital-waits.html.) Her principal reason for concluding that Hall is not totally disabled by pain is that the diagnostic tests, mainly x-rays, that he un-

derwent provided only limited support for his pain com-
plaints. However, for such soft-tissue injuries an MRI is a
better diagnostic tool than an x-ray. National Library of
Medicine, *Medline Plus*, "Lumbosacral Spine X-Ray," www.
nlm.nih.gov/medlineplus/ency/article/003807.htm. Although
Hall had an MRI of his ankle in 2005 and of his knee in 2007,
remember that he said he hadn't become totally disabled un-
til 2009. He obtained a third MRI two months after his hear-
ing before the administrative law judge, and this one
showed degeneration of the mid-spine and some spinal ste-
nosis (narrowing of the spinal cavity). But it came too late to
influence the decision of his case.

The administrative law judge said she gave "some" but
not "great" weight to the Veterans Administration's deter-
mination that Hall is totally unemployable, because the two
agencies use different criteria for determining disability. But
the differences are small. See *McCartey v. Massanari*, 298 F.3d
1072, 1076 (9th Cir. 2002). The VA deems that pain itself can
support a finding of disability, 38 C.F.R. §§ 4.40, 4.45, 4.59,
whereas for the Social Security Administration pain can only
be a symptom of a disability. 20 C.F.R. § 404.1529. Also, the
VA varies compensation depending on how disabled an ap-
plicant is, while the Social Security Administration awards
benefits only for total disability. But although the VA rated
Hall "only" 70 percent disabled, it pronounced him totally
unemployable by reason of his disability, see 38 C.F.R. §
4.16, which equates to a finding of total disability under the
regulations of the Social Security Administration. For if your
medical condition precludes substantial gainful employ-
ment, you're totally disabled—that's the Social Security
Administration's definition of disability. 42 U.S.C.
§ 423(d)(1)(A).

The administrative law judge's most serious error, one we've noted in previous cases (see next paragraph), is her belief that complaints of pain, to be credible, must be confirmed by diagnostic tests. Even if that were true, she should have known of the limitations of x-rays as tools for diagnosing pain and, knowing that, should have ordered an MRI before issuing her decision, because his two earlier MRIs had, he testified, preceded the onset of his total disability.

It is understandable that administrative law judges want diagnostic confirmation of claims of pain. Without such confirmation the administrative law judge has to determine the applicant's credibility, and it is often very difficult to determine whether a witness is telling the truth—especially when as in this case he has an incentive to exaggerate. But as numerous cases (and the Social Security Administration's own regulation) make clear, an administrative law judge may not deny benefits on the sole ground that there is no diagnostic evidence of pain but only the applicant's or some other witness's say so: "an individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96–7p(4); see, e.g., *Pierce v. Colvin*, 739 F.3d 1046, 1049–50 (7th Cir. 2014); *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004).

Several doctors noted that Hall had been in pain when examined, and this was some corroboration of his testimony. The administrative law judge could have resolved her doubts by ordering an MRI or directing a further examination by a medical expert. Her failure to do either leaves her determination that Hall is not disabled without a foundation

in substantial evidence. Her failure to analyze and weigh the Veteran Administration's determination that the applicant is totally disabled was a further oversight.

The denial of disability benefits cannot be sustained. The decision of the district court is reversed with directions to remand the case to the Social Security Administration for further proceedings consistent with the analysis in this opinion.

REVERSED AND REMANDED.