Ron FERRARO;  Patricia Ferraro,
Plaintiffs–Appellants

v.

**LIBERTY MUTUAL FIRE
INSURANCE COMPANY,**
Defendant–Appellee.

No. 14–30944.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 2015.

Roderick Alvendia, Esq., Jeanne K. Demarest, Alvendia, Kelly & Demarest, L.L.C., New Orleans, LA, for Plaintiff–Appellant.

Keith Michael Detweiler, Esq., Gerald Joseph Nielsen, Esq., Trial Attorney, William Truman Treas, Esq., Attorney, Nielsen, Carter & Treas, L.L.C., Metairie, LA, for Defendant–Appellee.

Before REAVLEY, PRADO, and COSTA, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Ron and Patricia Ferraro sued Liberty Mutual to recover flood-insurance proceeds after their house was damaged by Hurricane Isaac. The Ferraros submitted an original signed, sworn proof of loss with the handwritten note "Will send supplement later." They later sought payment from Liberty Mutual for the supplemental amount without providing a second proof of loss. The district court granted summary judgment for Liberty Mutual, holding that a second sworn proof of loss is necessary to support a claim under the National Flood Insurance Program. We affirm.

## I. BACKGROUND

The Ferraros own the house at 133 Somerset Road, LaPlace, Louisiana. They purchased a Standard Flood Insurance Policy (SFIP) from Liberty Mutual via the National Flood Insurance Program's (NFIP) Write–Your–Own (WYO) program. The policy was in place on August 29, 2012, after Hurricane Isaac made landfall on Louisiana.

The Ferraros' home suffered damage, and they filed a claim for benefits with Liberty Mutual. Liberty Mutual dispatched an independent adjuster, who recommended payment of $103,826.83 and prepared a proof-of-loss form in that amount. The Ferraros signed the proof of loss and handwrote on the form: "Will send supplement later." Liberty Mutual paid the Ferraros the full amount on the proof-of-loss form.

The Ferraros then hired Dan Onofrey, a public adjuster, to evaluate the damage on their home. Onofrey issued a report valuing the Ferraros' loss at $320,436.55. The Ferraros submitted Onofrey's report to Liberty Mutual, but they did not submit a second signed, sworn proof-of-loss form. A Liberty Mutual adjuster told them no additional forms were necessary to support their claims. Liberty Mutual made no further payments to the Ferraros.

The Ferraros filed suit in federal district court, seeking recovery from Liberty Mutual under the flood policy for property damage, loss of use, depreciation, mold and damage remediation, debris clean-up and removal, cost of compliance, and any other available damages. Liberty Mutual moved for summary judgment, arguing the Ferraros are barred from the instant litigation because they did not comply with the SFIP's prerequisites for filing suit under 44 C.F.R. Pt. 61 app. A(1), art. VII. In particular, for claims relating to Hurricane Isaac, policyholders were required to provide a complete, signed, sworn-to proof of loss within 240 days of the loss. The district court granted summary judgment, noting that the NFIP requires strict compliance and holding that the Ferraros' failure to provide a second proof of loss to accompany Onofrey's loss valuation barred their suit. The Ferraros timely appealed.

## II. DISCUSSION

The district court had jurisdiction pursuant to 42 U.S.C. § 4072, which provides exclusive federal jurisdiction over litigation arising out of the NFIP. We have appellate jurisdiction to review a district court's grant of summary judgment under 28 U.S.C. § 1291.

We review de novo a district court's grant of summary judgment, applying the same standard as the district court in the first instance. *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 694 (5th Cir.2014). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). We view all facts and evidence in the light most favorable to the non-moving party. *LHC Grp.,* 773 F.3d at 694.

## A. The SFIP's Proof–of–Loss Requirement

■ Congress created the NFIP to provide flood-insurance coverage at affordable rates. *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053, 1054 (5th Cir.2008). The program, which is operated by the Federal Emergency Management Agency (FEMA), draws funds from the federal treasury. *Id.* Homeowners can purchase an SFIP policy directly from FEMA or through private insurers, which serve as WYO providers and are fiscal agents of the United States.[1] *Id.; see* 42 U.S.C. § 4071(a)(1). "An SFIP is 'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'" *Marseilles,* 542 F.3d at 1054 (alteration in original) (quoting *Mancini v. Redland Ins. Co.,* 248 F.3d 729, 733 (8th Cir.2001)).

■ Because the NFIP puts at stake the government's liability, its regulations implicate sovereign immunity. *DeCosta v. Allstate Ins. Co.,* 730 F.3d 76, 84 (1st Cir.2013). Although WYO insurers admin-

---

1. As we explained in *Campo v. Allstate Insurance Co.:*

    Under this framework, the federal government underwrites the policies and private WYO carriers perform significant administrative functions including arranging for the adjustment, settlement, payment and defense of all claims arising from the policies. WYO carriers must issue policies containing the exact terms and conditions of the SFIP set forth in FEMA regulations. Additionally, FEMA regulations govern the methods by which WYO carriers adjust and pay claims. Although WYO carriers play a large role, the government ultimately pays a WYO carrier's claims. When claimants sue their WYO carriers for payment of a claim, carriers bear the defense costs, which are considered part of the claim expense allowance; FEMA reimburses these costs.

    562 F.3d 751, 754 (5th Cir.2009) (footnotes, alteration, and internal quotation marks omitted).

ister SFIP policies, payments made pursuant to such policies are "a direct charge on the public treasury." *Gowland v. Aetna,* 143 F.3d 951, 955 (5th Cir.1998) (quoting *In re Estate of Lee,* 812 F.2d 253, 256 (5th Cir.1981)). Therefore, "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Id.* at 954; *accord DeCosta,* 730 F.3d at 84; *Mancini,* 248 F.3d at 734–35.

■ The central issue in this case is the interpretation of the proof-of-loss requirement in Article VII of the SFIP. The regulation reads as follows:

In case of a flood loss to insured property, you must:

. . .

4. Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the policy *signed and sworn to by you,* and which furnishes us with the following information:

    a. The date and time of loss;

    b. A brief explanation of how the loss happened;

    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

    d. Details of any other insurance that may cover the loss;

    e. Changes in title or occupancy of the covered property during the term of the policy;

    f. Specifications of damaged buildings and detailed repair estimates;

    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

    h. Details about who occupied any insured building at the time of loss and for what purpose; and

    i. The inventory of damaged personal property. . . .

44 C.F.R. pt. 61, app. A(1) art. VII(J) (emphasis added).

The regulations make strict compliance with the proof-of-loss requirement a condition precedent to suit.

*You may not sue us* to recover money under this policy *unless you have complied with all the requirements of the policy.* . . . This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. pt. 61, app. A(1) art. VII(R) (emphasis added). As we have held, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland,* 143 F.3d at 954.

. The Ferraros argue that they discharged their proof-of-loss obligation when they filed a signed, sworn statement claiming $103,826.83 in damages and advised Liberty Mutual that a supplement would follow. They contend that they seek only additional benefits (for a total of $320,436.55) and not a wholly separate, "materially different" claim. "The policy at issue," they assert, "does not require the Ferraros to submit supplementary proof of loss forms to sue for additional *payments* for previously perfected *claims.*" In reply, Liberty Mutual asserts that the district court properly strictly construed the SFIP and concluded that a second proof of loss is a condition precedent to suit.

Whether an insured must submit an *additional* proof of loss to recover an additional amount on a preexisting claim is a question of first impression in this circuit. *See, e.g., Rogers v. S. Fid. Ins. Co.,* No. 13–5695, 2014 WL 3587379, at *4 (E.D.La.

---

**2.** FEMA extended the reporting period following Hurricane Isaac to 240 days after the loss.

July 18, 2014) ("As this Court has previously pointed out, the Fifth Circuit has not directly addressed this issue." (citing *Bechtel v. Lighthouse Prop. Ins. Co.*, No. 13–5289, 2014 WL 1389631, at *3 (E.D.La. Apr. 1, 2014))). However, two out-of-circuit cases, *DeCosta*, 730 F.3d 76, and *Gunter v. Farmers Ins. Co.*, 736 F.3d 768 (8th Cir.2013), provide strong persuasive authority for the conclusion that a second proof of loss is indeed required.

In *DeCosta*, the plaintiff submitted two proofs of loss and a sixteen-page report from one of his adjusters to Allstate. 730 F.3d at 78. The report estimated $212,071.32 in damages—about double the amount in the proofs of loss—and, crucially, was not sworn to or signed by the insured. *Id.* Allstate paid the plaintiff the amount claimed on the two original, executed proof-of-loss forms and on two subsequent, signed and sworn-to proofs of loss, but not for the remaining amount on the originally appended sixteen-page damage estimate. *Id.* at 78–80. The insured sued Allstate for the difference. *Id.* at 80.

The First Circuit granted summary judgment for Allstate. *Id.* at 87–88. After reviewing the history of the NFIP and reiterating that courts strictly construe the SFIP's requirements, the First Circuit rejected the argument that simply providing an insurance company with notice of a claim satisfies the condition precedent to suit. *Id.* at 84–85 (citing *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 520–21

(6th Cir.2008); *Mancini*, 248 F.3d at 732, 734).

Applying this rule, the court continued: "[I]t is clear that [the plaintiff] did not sign and swear to claiming $212,071.32 on a proof of loss, as required. Merely attaching his adjuster's estimate of damages to two executed proof-of-loss forms claiming a smaller amount does not comply." *Id.* at 84. The First Circuit concluded: "It does not matter that the estimate from [the insured's] adjuster was submitted at the same time and along with compliant proof-of-loss forms claiming undisputed sums because, under the plain terms of the SFIP, [the insured] still had to *sign and swear* to the amount in that estimate, which he did not do." *Id.* at 85.

Similarly, in *Gunter*, the Eighth Circuit affirmed summary judgment for an insurance company against a plaintiff seeking flood-damage compensation in excess of the amount sworn-to and signed on a proof-of-loss form. 736 F.3d at 770–71. The Eighth Circuit rejected the insured's argument that an adjuster's report satisfied the SFIP's condition precedent to suit: "The SFIP is clear that statements by an adjuster are provided only as a courtesy, and the proof of loss is the signed and sworn final statement of the insured as to how much damage is claimed." *Id.* at 774. The *Gunter* court followed *DeCosta*'s lead and held that an insured's "failure to provide a proof of loss for any supplemental amount is a bar to recovery." *Id.* at 775.[3]

---

**3.** This Court reached a similar conclusion in litigation arising from the flooding following Hurricane Katrina. *See Marseilles*, 542 F.3d at 1057–58; *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed.Appx. 295, 298–99 (5th Cir.2008) (per curiam). FEMA issued a memo permitting insureds with SFIP coverage to receive payment based on an adjuster's report *without* submitting a sworn proof of loss within sixty days. *Richardson*, 279 Fed. Appx. at 298. If the insured disagreed with the insurer's calculation of the amount owed, he was required to submit a sworn proof of

loss within a year of the loss. *Id.* In both *Marseilles* and *Richardson*, the plaintiffs made claims without sworn proofs of loss within the statutory period, then sought to supplement their award amounts after the close of the one-year filing deadline. *Marseilles*, 542 F.3d at 1054–55; *Richardson*, 279 Fed.Appx. at 298. This Court rejected the argument that the insureds' claims could proceed by supplementing the original loss amount; we held that a sworn proof of loss was required to sue for additional payment. *Marseilles*, 542 F.3d

We find this reasoning persuasive and apply the same principles apply here. An insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim. Because the Ferraros' additional claim for $320,436.55 was neither signed nor sworn-to, it cannot serve as a proof of loss under the plain terms of the SFIP. Mere notice—in the form of the handwritten note "Will send supplement later"—cannot supplant the SFIP's regulatory proof-of-loss requirement.[4]

Consistent with our colleagues in the First and Eighth Circuits, we hold that a second proof of loss was necessary for the Ferraros to perfect their claim. Therefore, the district court properly granted summary judgment for Liberty Mutual.

## B. The Ferraros' Detrimental Reliance Claim

The Ferraros next contend that summary judgment should be reversed because they justifiably relied on Liberty Mutual adjuster Lee Holcomb's claim that the Ferraros did not have to file any special forms alongside their supplement. They refer the Court to an email, which reads: "No special forms for the supplement. Just send the info that you have from Inspector 21 and I will be able to let you know if it will be ok, then I can do a supplement."

The Ferraros did not make this argument in their opposition to summary judgment before the district court. Rather, they moved the court for reconsideration under Rule 59(e) based on newly discovered evidence not presented at trial. The district court declined to reconsider, concluding that the Ferraros failed to carry their burden to demonstrate that the email was unavailable to them at the outset of litigation.

We liberally construe the Ferraros' argument on this issue as challenging the district court's denial of the motion for reconsideration. We review the district court's ruling on the motion to reconsider for abuse of discretion because the district court declined to consider the Ferraros' additional materials. *Templet v. Hydro-Chem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Under this standard, "the district court's decision and decision-making process need only be reasonable." *Id.* "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir.2010) (internal quotation marks omitted).

at 1056–57; *Richardson*, 279 Fed.Appx. at 298–99.

4. The Ferraros invoke *Stogner v. Allstate Insurance Co.*, No. 09–3037, 2010 WL 148291 (E.D.La. Jan. 11, 2010), and *Smith v. American Bankers Insurance Co. of Florida*, No. 13–5684, 2014 WL 2155030 (E.D.La. May 22, 2014), for the proposition that a later supplement to an incomplete proof of loss sufficiently complies with SFIP regulations. But *Stogner* and *Smith*—neither binding on this

Court—left open only the narrow possibility that "if the same amount is claimed, and only the decision is disputed, additional proofs of loss may not be necessary," *Stogner*, 2010 WL 148291 at *4, *see also Smith*, 2014 WL 2155030 at *3 (noting that original proof of loss requested $250,000 and supplemental estimate itemized claim at $221,431.90). The Ferraros now request a greater sum than they listed on their original proof-of-loss form, distinguishing this case from *Stogner* and *Smith*.

Before this Court, the Ferraros offer no reason why they did not include the email in their opposition to Liberty Mutual's motion for summary judgment. Based on the message's date stamp, we presume the email was in the Ferraros' possession during the course of the litigation. The Ferraros have not shown that the email is "the type of 'new evidence' that a truly diligent litigant would be powerless to unearth" prior to summary judgment, *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995), particularly given that the plaintiffs have been afforded a full opportunity to conduct discovery. Moreover, though the evidence may support the Ferraros' theory of the case, they have not carried their burden to show that consideration of these new facts "would probably change the outcome," of their suit. *See Johnson*, 597 F.3d 673.

Because the plaintiffs have made no argument that the evidence was indeed "newly discovered" for purposes of Rule 59(e), we find no abuse of discretion in the district court's denial of the Ferraros' motion for reconsideration.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.