# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10943
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2019

Lyle W. Cayce
Clerk

ANDRE YANEZ,

      Plaintiff - Appellant

v.

AMERICAN STRATEGIC INSURANCE CORPORATION; E-INS., L.L.C.;
FKS INSURANCE SERVICES, L.L.C.,

      Defendants - Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-788

---

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

      Andre Yanez failed to submit a proof-of-loss form for additional insurance payments as required by the policy. The district court therefore granted the insurer's motion for summary judgment and dismissed this breach of contract case. We affirm.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10943

I.

A heavy storm passed Fort Worth, Texas in June 2016 and flooded Plaintiff Andre Yanez's property. American Strategic Insurance Corporation ("ASIC") insured the property through the Standard Flood Insurance Policy ("SFIP") program.[1] Yanez filed a claim with ASIC for damages caused by the flood. ASIC then assigned Yanez's claim to an adjusting firm, FKS Insurance Services ("FKS"). As part of FKS's claim process, Yanez completed a flood field survey, where he stated that he had a prior flood loss claim on the property from 2015.[2] After FKS's evaluation and consistent with Yanez's proof of loss, ASIC paid Yanez $1,315.20 for property damages caused by the June 2016 flood.

Yanez disagreed with ASIC and FKS's assessment but provided no proof of loss for the additional sum claimed; ASIC denied this additional claim request. After losing an administrative appeal,[3] Yanez filed the instant lawsuit against ASIC and FKS for breach of contract and breach of the duty of good faith and fair dealing.[4] On Defendants' motion to dismiss, the district court held that federal law barred Yanez's breach of good faith and fair dealing claim. And on Defendants' motion for summary judgment, the district court found that Yanez failed to submit the required proof-of-loss form for additional benefits. The district court therefore dismissed Yanez's suit.

---

[1] SFIP is part of the National Flood Insurance Program, which is administered by the Federal Emergency Management Agency ("FEMA"). SFIP may be issued through private insurers, like ASIC, who serve as fiscal agents of the United States. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998) (citing 42 U.S.C. § 4071).

[2] The prior flood occurred on June 24, 2014.

[3] FEMA denied Plaintiff's administrative appeal because Yanez did not prove that he made repairs after the 2014 flood and before the 2016 flood.

[4] Yanez also named E-INS as a defendant. E-INS is a vendor of the National Flood Insurance Program and ASIC's technology and processing partner.

2

No. 18-10943

II.

Yanez now appeals only the district court's grant of summary judgment concerning his breach of contract claim. We review this issue de novo, applying the same standard as the district court.[5] Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]

We have made clear that "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced."[7] To receive additional benefits under the policy, Plaintiff was required to sign and submit a supplemental proof-of-loss form within 60 days of the flood.[8] Here, it is undisputed that Yanez never sent Defendants this additional proof of loss. Though Yanez argues that his flood field survey contained all the relevant information, even if true, this remains insufficient: At base, he never submitted the *required* signed proof of loss for additional benefits.[9] Yanez's other argument—that ASIC allegedly waived his 60-day submission period—is also meritless. ASIC, a private company, cannot legally waive federal regulations promulgated by FEMA.[10] Accordingly, we affirm the district court's summary judgment dismissal.

\*    \*    \*

**AFFIRMED.**

---

[5] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

[6] FED. R. CIV. P. 56(a).

[7] *Gowland*, 143 F.3d at 954; *Ferraro*, 796 F.3d at 534.

[8] *See* 44 C.F.R. § 61, app. A(1) art. VII(J); *Ferraro*, 796 F.3d at 532.

[9] *See Ferraro*, 796 F.3d at 534 ("An insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim."); *Evanojf v. Standard Fire Ins. Co.*, 534 F.3d 516, 521 (6th Cir. 2008) ("Federal courts have consistently held that the proof of loss requirement is to be strictly enforced.").

[10] 44 C.F.R. § 61.13(d), SFIP art. VII(D) ("This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator."). Plaintiff failed to produce evidence of any waiver from the Administrator.