# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50901

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

PATRICIA GILL,

      Plaintiff - Appellant

v.

DIRTT ENVIRONMENTAL SOLUTIONS, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-3

Before JONES, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Patricia Gill appeals the district court's grant of summary judgment to Appellee DIRTT Environmental Solutions, Inc. ("DIRTT") on her federal and state age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). We AFFIRM the district court's grant of summary judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50901

## I.    Background

In 2005, DIRTT hired Gill as its government sales director to work with its sales representatives to secure government contracts.  In 2014, DIRTT hired Antoinette "Toni" Pahl to be Gill's co-director of government sales.  Gill alleges that DIRTT discriminated against her based on age when it fired her in favor of Pahl, who is ten years younger than Gill.

However, from 2013 until Gill's termination in 2015, DIRTT received numerous complaints from Gill's coworkers, including Pahl, regarding her professional misconduct.   Gill's coworkers complained that Gill (1) disseminated false information to DIRTT representatives and clients; (2) attempted to take over her coworkers' responsibilities; (3) excluded necessary coworkers from contract discussions; and (4) improperly marked education contracts as government contracts to increase her commission.  During this time, DIRTT's president shared many of these complaints with Gill and requested that he and Gill meet to discuss her actions.

Based on these demonstrations of unprofessional behavior and Gill's refusal to comply with company standards, DIRTT terminated Gill's employment.  Gill proceeded to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that DIRTT discriminated against her because of her age.  The EEOC mailed Gill a notice of right to sue.

Gill filed suit in federal district court asserting age discrimination claims under the ADEA and the TCHRA.  DIRTT filed a motion for summary judgment on both of Gill's claims, arguing that even if Gill could make a prima facie case of discrimination under governing law, DIRTT had a legitimate, nondiscriminatory reason for terminating Gill, and Gill could not demonstrate that the reason was pretextual.  The district court granted summary judgment

to DIRTT on both of Gill's claims.  Gill timely appealed the district court's judgment.

## II.     Legal Standard

We review a district court's grant of summary judgment *de novo* and apply the same standard as the district court. *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016).  In so doing, "[w]e view all facts and evidence in the light most favorable to the non-moving party." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).  Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III.     Discussion

When an employee brings age discrimination claims under the ADEA and the TCHRA based only on circumstantial evidence, we employ the *McDonnell Douglas* three-step burden-shifting framework. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  The first two steps of the *McDonnell Douglas* framework are identical under both the ADEA and the TCHRA. *Goudeau*, 793 F.3d at 474.  "First, the employee must prove a *prima facie* case of discrimination." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).  Then, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its decision." *Id.*  If the employer meets its burden, the burden shifts back to the employee to show that the reason was "merely a pretext for discrimination." *Id.*  At the third step of the *McDonnell Douglas* analysis, "the federal and state laws provide different standards." *Goudeau*, 793 F.3d at 474.  Under the ADEA, the employee must show that age

was the "but-for" cause of the challenged employment action. *Id.* at 475. However, under the TCHRA, the employee may also meet the third step by showing that the employer's "reason, while true, was only one reason for its conduct and discrimination [was] another motivating factor." *Id.*

The central question in this case is whether Gill met her burden at the third step. Neither party contests that Gill and DIRTT respectively satisfied their burdens under steps one and two of the *McDonnell Douglas* framework. Pretext may be shown "through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). Evidence demonstrating that the employer's explanation is false or unworthy of credence, "taken together with the prima facie case, is likely to support an inference of discrimination even without further evidence of [the employer's] true motive." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000)).

Gill does not offer any evidence of disparate treatment. Instead, she presents three arguments to show that DIRTT's explanation for her termination was "false or unworthy of credence."[1] *Laxton*, 333 F.3d at 578. However, each fails to create a genuine issue of material fact under either the ADEA or the TCHRA.

First, relying on *Smith v. Xerox Corp.* and *Tyler v. Union Oil Co. of California*, Gill argues that DIRTT's failure to investigate Gill's claims in

---

[1] Gill presented a fourth argument in her reply brief, claiming that DIRTT made inconsistent statements to justify her termination. However, we "will not consider a new claim raised for the first time in an appellate reply brief." *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). Thus, Gill has waived this argument.

accordance with its Code of Conduct and Values ("Code") may be construed as evidence of pretext.  In *Smith* and *Tyler*, we held that "whether the employer followed its typical policy and procedures in terminating the employee" might be an "indici[um] of causation."  *Smith*, 371 F. App'x 514, 520 (5th Cir. 2010); *see also Tyler*, 304 F.3d 379, 396 (5th Cir. 2002).  However, we clarified that this inference may be appropriate only "if the plaintiff establishes some nexus between employment actions and the plaintiff's age."  *Tyler*, 304 F.3d at 396. Therefore, "[a] defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other [employees outside of the protected class] . . . ."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007); *see also El Paso Healthcare Sys., Ltd. v. Carmona*, 160 S.W.3d 267, 278 (Tex. App.—El Paso 2005, pet. granted), *vacated pursuant to settlement* (Tex. Dec. 2, 2005) (holding that "failure to follow a policy may be evidence of discrimination [under the TCHRA] . . . [if] the failure was as a result of a motive based upon discriminatory reasons").  Gill does not present any nexus between DIRTT's failure to investigate her claims in accordance with its Code and her age.  Even viewing the evidence in the light most favorable to Gill, we conclude that Gill has not shown a genuine issue of material fact regarding whether DIRTT's legitimate, nondiscriminatory reason for her termination was pretextual.

Second, Gill argues that DIRTT misrepresented to the EEOC that it conducted an investigation.  We have held that erroneous statements in an EEOC position statement may be circumstantial evidence of discrimination. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 237 (5th Cir. 2015). However, the record does not support Gill's argument.  DIRTT indicated in its EEOC position only that its response "should not be interpreted to mean [it] has completed all investigations it may wish to pursue."  The evidence Gill presents to show a direct contradiction with DIRTT's EEOC statement shows

that DIRTT conducted at least some investigation.  Thus, we conclude that DIRTT made no erroneous statements in its EEOC position statement.

Third, Gill argues that DIRTT did not rely upon the complaints in good faith because DIRTT did not investigate any of the complaints or notify Gill of them.[2]  Gill cites to *Allen v. Highlands Hospital Corp.*, wherein the Sixth Circuit held that the employer needs to make a "reasonably informed and considered decision before taking the complained-of action" but that the employer need not leave "no stone unturned."  545 F.3d 387, 398 (6th Cir. 2008) (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 598–99 (6th Cir. 2007)).  However, we do not require an employer to make such an objectively verifiable showing to hold that the employer acted in good faith. *See LeMaire v. La. Dep't of Transp. & Dev. ex rel Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007) (holding that "[o]ur discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones"); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) (holding that "[w]e do not try in court the validity of good faith beliefs" of an employer's decision because "[m]otive is the issue" (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).

Even if we did apply *Allen*, Gill fails to show that DIRTT did not make a "reasonably informed and considered decision" in firing her.  *See Allen*, 545 F.3d at 398.  DIRTT received numerous complaints from Gill's colleagues regarding her unprofessional behavior.  Among the complaints, Gill's

---

[2] Gill also argues that DIRTT relied upon false statements in firing her.  However, inaccurate statements are not a basis for finding pretext because the inquiry is solely limited to "whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief."  *Waggoner v. City of Garland*, 987 F.2d 1160, 1165–66 (5th Cir. 1993); *see also Little v. Republic Ref. Co.,* 924 F.2d 93, 97 (5th Cir. 1991) (stating that "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" for termination).

colleagues informed DIRTT that Gill tried to do their jobs without notifying them of her actions, excluded necessary coworkers from contract discussions, tried to increase her commission improperly, and relayed incorrect information to DIRTT's clients. DIRTT also notified Gill of several complaints and requested meetings to discuss them. DIRTT made a reasonably informed and considered decision to terminate Gill based on her unprofessional behavior, even if it did not notify Gill of every complaint. Therefore, we conclude that Gill failed to show that a genuine issue of material fact existed as to whether DIRTT's legitimate, nondiscriminatory reason for her termination was pretextual.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.