## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50500

GABRIEL SANCHEZ,

Plaintiff - Appellant

v.

CITY OF SAN ANTONIO, BY AND THROUGH ITS AGENT, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 5:18-CV-184

Before ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

### I.     Background

Gabriel Sanchez worked as a journeyman cable splicer for the City of San Antonio, by and through its agent, City Public Service Board of San Antonio ("CPS"). Throughout his employment, Sanchez was involved in five workplace safety incidents; he caused four and suffered injuries in three. His fifth

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2020

Lyle W. Cayce
Clerk

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50500

workplace safety incident occurred on September 21, 2015, and sent him to the hospital, where he was diagnosed with Post-Traumatic Stress Disorder ("PTSD"). The incident also left him unable to return to work for the remainder of 2015. On March 8, 2016, CPS terminated Sanchez for "a pattern of poor judgment, unsafe acts & behavior and unwillingness to follow critical work instructions." When he was terminated, Sanchez had not been released to work by his physician, Dr. Hernandez.

Sanchez sued CPS, alleging that it violated the Americans with Disabilities Act by terminating his employment because of his PTSD. CPS moved for summary judgment, claiming that Sanchez failed to show that he was qualified for his job position, a requirement for a prima facie case of disability discrimination, and that even if Sanchez was qualified, he failed to establish that CPS's reason for termination was pretext for disability discrimination. The district court agreed and granted summary judgment for CPS. Sanchez timely appealed.

## II.    Discussion

We review a district court's grant of summary judgment de novo and apply the same standard as the district court. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). In so doing, "[w]e view all facts and evidence in the light most favorable to the non-moving party." *Id.* Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

To bring an employment discrimination claim using circumstantial evidence, as Sanchez does here, the employee must first make a prima facie showing of discrimination, which requires showing that "(1) [he] has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his

2

disability." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). Sanchez argues that the district court erred by holding that Sanchez was not qualified for his job position.

To be qualified, a plaintiff must provide evidence that, at the time of his termination, "he could perform the essential functions of the job in spite of his disability." *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (brackets omitted). Thus, to prove that he was qualified, Sanchez must show that on March 8, 2016—the date of his termination—he could perform the essential functions of his job as a journeyman cable splicer.[1]

Sanchez claims that he was qualified for his job based on three doctor's reports: (1) a Work Status Report from Dr. Hernandez on January 25, 2016; (2) another Work Status Report from Dr. Hernandez on March 21, 2016; and (3) a psychological evaluation by a Dr. McMains on May 19, 2016. The only possible doctor's report that could show that Sanchez was qualified during his employment is the January 25 Work Status Report, as the others were created after Sanchez was fired. The January 25 Work Status Report does not show that Sanchez was qualified to work on March 8, 2016. It states: "The injured employee's medical condition resulting from the workers' compensation injury . . . has prevented and still prevents the employee from returning to work as of 01/25/2016 . . . and *is expected to continue through* 03/07/2016." The report does not state that Sanchez could return to work on March 8, 2016.

Sanchez also claims that he was qualified for his job because he testified to that effect in his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. However, the EEOC Charge of Discrimination

---

[1] A plaintiff may also show that he was qualified with evidence "that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Moss*, 851 F.3d at 417 (brackets omitted). However, Sanchez makes no such claim.

makes no mention that Sanchez would be released to work on March 8, 2016; it states only that he "would soon be released to return to work."

Thus, Sanchez failed to show that he was qualified for his position as a journeyman cable splicer at the time he was terminated, and for that reason, we AFFIRM the district court's grant of summary judgment for CPS.[2]

---

[2] Sanchez also argues that the district court erred in holding that he did not create a genuine dispute of material fact that CPS's proffered reason for termination was pretextual. To consider the pretext issue, an employee must first establish a prima facie case of discrimination. *See Cannon*, 813 F.3d at 590. Thus, we do not reach Sanchez's pretext argument.