# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2020

Lyle W. Cayce
Clerk

No. 19-40470

Christopher Bryan Torres,

*Plaintiff—Appellant*,

*versus*

Brad Livingston; William Stephens; Kelvin Scott;
Edgar Baker, Jr.; Todd Funai; Frances Sims;
Jonathan Endsley,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:17-CV-196

Before Smith, Willett, and Duncan, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Christopher Torres sued a correctional officer and several staff members and administrators per 42 U.S.C. § 1983 (and state tort law) for allegedly failing to protect him from an attack by another inmate in violation of the Eighth Amendment. The defendants successfully moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court denied Torres's motion to alter or amend the judgment per Federal Rule of Civil Procedure 59(e). We affirm.

No. 19-40470

## I.

Torres worked as an inmate janitor in an administrative segregation unit. During mealtimes in that unit, the floor officer—in this case, Jonathan Endsley—opens a row of seven inmates' food tray slots in quick succession. Once the slots are open, the inmate janitor delivers each inmate a food tray. Inmates often request that officers pass through miscellaneous items, such as books, newspapers, and magazines. Usually, the officer directs an inmate janitor to fulfill those requests. After the food trays are distributed, the officer closes the slots.

While Endsley and Torres were delivering meals, Angel Sanchez, one of the inmates, requested that Endsley retrieve pictures from the floor outside his cell. Endsley directed Torres to pick up the photos. Torres complied willingly, noting that Sanchez "appeared harmless and asked in the right tone." When Torres reached to grab the pictures off the ground, however, Sanchez stabbed him on the right side of his neck. Torres claims that, as a result, he has breathing, speech, eating, and drinking problems, continually has to clear his throat, has a persistent cough, and gets headaches. He alleges that a neurologist has said that his medical complications are "lifelong" and "irreparable."

Torres contends that the district court erred in dismissing his § 1983 claims.[1] We review the 12(b)(6) dismissal *de novo*. *Jackson v. City of Hearne*, 959 F.3d 194, 200 (5th Cir. 2020). "To plead a constitutional claim under § 1983, [Torres] must allege that a state actor violated a constitutional right." *Id.*

## A.

Torres avers that Endsley's alleged failure to protect his health and

---

[1] Torres does not expressly challenge the dismissal without prejudice of his pendent state-law claims.

safety violated the Eighth Amendment. "The Supreme Court has held that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Accordingly, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* A prison official may be held liable under the Eighth Amendment only if he "ha[s] a sufficiently culpable state of mind, which, in prison-conditions cases, is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"Deliberate indifference is an extremely high standard to meet. A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it." *Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (brackets omitted).

Torres does not offer any facts suggesting that Endsley knew of and disregarded a substantial risk to his health and safety. By all accounts, Endsley was unaware that Torres was in danger, and Torres does not allege that there was anything that would have caused Endsley to foresee that Sanchez would assault him. In fact, Torres remarked that Sanchez "appeared harmless and asked in the right tone" to pick up the pictures. Although Torres alleges that inmates in administrative segregation have weapons and a history of attacking people, he provides no specific examples, nor does he point to any other case in which that was alleged. In sum, Torres failed to allege that Endsley was negligent, much less that he consciously disregarded any risk of

serious harm.[2]

## B.

Torres also appeals the denial of his Rule 59(e) motion, which we review for abuse of discretion. *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam). "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015).

Torres moved to alter or amend the judgment based on the affidavit of a fellow inmate who claimed to have witnessed at least one food-slot attack a week, and often more than one a day, over the past fifteen years. Torres contended that, in light of the history of inmate food-slot attacks, the court should have concluded that the defendants were subjectively aware of the risk to Torres but failed to take reasonable measures. The court did not abuse its discretion in denying that motion. It reasonably found that the inmate's claim to have witnessed roughly a thousand food-slot assaults was not credi-

---

[2] Because Torres does not allege facts that amount to a constitutional violation, his claims of failure to train or supervise, against the other defendants, also necessarily fail. *See Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of [the plaintiff's] inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.").

No. 19-40470

ble and that even if it was, it did not demonstrate that the defendants were aware of a specific danger to Torres.  All pending motions are denied as moot.

AFFIRMED.