# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 21-40266

Giai Thi Nguyen,

*Plaintiff—Appellant*,

*versus*

Texas Farmers Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-53

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

This appeal arises from Plaintiff Giai Thi Nguyen's insurance claim seeking additional reimbursements for flood damage sustained to her home following Hurricane Harvey in August 2017. On March 10, 2021, the district court adopted the report and recommendation of the magistrate judge to grant summary judgment dismissing the breach of contract claim against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40266

Defendant Texas Farmers Insurance Company ("Texas Farmers") with prejudice because Nguyen failed to timely file proof of loss as required by her policy. Nguyen claims that the district court erred in dismissing her claim because she was not required to submit proof of loss. We disagree.

We review a district court's grant of summary judgment *de novo*, viewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In August 2017, Plaintiff filed an insurance claim for flood damage to her home in Port Arthur, Texas.[1] Nguyen has coverage under a Standard Flood Insurance Policy ("SFIP") issued by Texas Farmers. Texas Farmers is a Write-Your-Own ("WYO") carrier participating in the National Flood Insurance Program ("NFIP"). In 1968, the NFIP was established to provide fair and affordable flood insurance. *See Constr. Funding, L.L.C. v. Fid. Nat'l Indem. Ins. Co.*, 636 F. App'x 207, 208 (5th Cir. 2016) (per curiam). The NFIP is administered and regulated by the Federal Emergency Management Agency ("FEMA"). *Id.* Homeowners can purchase an SFIP policy directly from the FEMA or, as relevant here, through a private insurer, which issues

---

[1] The Plaintiff's husband, Tu Van Nguyen, filed the original complaint underlying this case. Mr. Nguyen passed away in August 2019, and Nguyen substituted in for her husband pursuant to Federal Rule of Civil Procedure 25(a)(1).

SFIPs as a fiscal agent of the United States. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015); *see* 42 U.S.C. § 4071(a)(1).

NFIP claims are paid through treasury funds. *See Ferraro*, 796 F.3d at 531. "Because the NFIP puts at stake the government's liability, its regulations implicate sovereign immunity." *Id*. Thus, the terms and conditions of SFIPs must be "strictly construed and enforced." *Id*. at 532 (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)). The FEMA sets the terms of the SFIP. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *see* 44 C.F.R. pt. 61, app. (A)(1).

Under the SFIP, participants are ordinarily required to file a timely "proof of loss" within 60 days after the loss as a condition precedent to suit. *See* 44 C.F.R. pt. 61, app. A(1), art. VII(G); *id*. art. VII(O). A proof of loss is "the [insured's] statement of the amount [she is] claiming under the policy signed and sworn to by [the insured.]" *Id*. art. VII(G). On September 3, 2017, the FEMA exercised its authority to modify the terms of the SFIP and issued Bulletin W-17030 in response to the widespread and catastrophic flooding in Texas and Louisiana following Hurricane Harvey. *See* 42 U.S.C. § 4019(a); 44 C.F.R. §§ 61.13(d), 61.23(k); FEMA Bulletin W-17030: Activation of NFIP Catastrophic Event Enhanced Claim Payment Process for Hurricane Harvey (Sept. 3, 2017).

As relevant here, the Bulletin modified the proof-of-loss requirement in two ways. First, the Bulletin "conditionally waiv[ed] the proof of loss requirement in the case of a [Hurricane] Harvey loss and direct[ed] [WYO vendors] to exercise [their] option to accept an adjuster's report to pay a claim." FEMA Bulletin W-17030 at 1. Second, under a separate heading titled, "Proof of Loss Deadline Extension," the Bulletin "waiv[ed] the sixty (60)-day proof of loss deadline requirement" and extended the deadline to "365 days (one year) from the date of loss." *Id*. at 2.

Under the extended deadline in Bulletin W-17030, Nguyen was required to submit proof of loss by August 2018. Nguyen does not dispute that she failed to file a proof of loss. She contends that Bulletin W-17030 waived the requirement to file a proof of loss when seeking additional reimbursements. The clear language of the Bulletin does not support this reading.

As the Bulletin explained: the conditional waiver of the proof of loss requirement responds to the terms of the SFIP that require, as a condition to receiving a claim payment, "a policyholder to first submit either (1) a signed proof of loss or (2) a signed adjuster's report." FEMA Bulletin W-17030 at 1 n.1 (citing 44 C.F.R. pt. 61, app. A(1)–(3)). By relieving policyholders of their obligation to file a proof of loss with their insurance claim, the conditional waiver ensured that policyholders could "recover as quickly as possible." *Id.* at 3. But "[t]his conditional waiver d[id] not alter a policyholder's ability to submit a proof of loss seeking *supplemental payment*." *Id.* at 1 (emphasis added). Thus, the sample payment letter attached to the Bulletin instructed policyholders to "request additional payments by submitting a *Proof of Loss* within one year following the date of loss." *Id.* at 3.

Because Nguyen failed to timely file a proof of loss, summary judgment was properly granted in favor of Texas Farmers. The order of the district court is AFFIRMED.