# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30722
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2025

Lyle W. Cayce
Clerk

WOODLAND VILLAS CONDOMINIUMS,

*Plaintiff—Appellant*,

*versus*

WRIGHT NATIONAL FLOOD INSURANCE COMPANY,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-1586

———————————————————

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Woodland Villas Condominiums (Woodland Villas) appeals a grant of summary judgment in favor of Defendant-Appellee Wright National Flood Company (Wright). The district court dismissed Woodland Villas's claim against Wright for additional proceeds under several flood-insurance policies. Because Woodland Villas failed to submit a

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30722

proof of loss swearing under penalty of perjury the amount claimed under the policies, we AFFIRM.

## I.

Woodland Villas, a condominium association, held several Standard Flood Insurance Policies (SFIPs) issued by Wright.[1] "An SFIP is a regulation of [the Federal Flood Emergency Act (FEMA)], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'"[2] Woodland Villas's SFIPs covered residential-condominium buildings located in LaPlace, Louisiana.[3] Hurricane Ida caused flood damage to those buildings on August 29, 2021. The next day, Woodland Villas notified Wright of the damage. Following inspection by an adjuster, Wright assessed each building's loss at about 40% of its respective policy limit and dispersed those funds in November 2021.

But Woodland Villas sought additional compensation for the flood damage. So, on February 18, 2022, its property manager emailed the adjuster a report prepared by Robert J. Bodet, Jr., a Louisiana-registered architect.[4]

---

[1] Wright is a Write-Your-Own (WYO) insurer participating in the National Flood Insurance Program. 44 C.F.R. §§ 62.13, 62.23. "Although WYO insurers administer SFIP policies, payments made pursuant to such policies are 'a direct charge on the public treasury.'" *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)).

[2] *Ferraro*, 796 F.3d at 531 (quoting *Marseilles Homeowners Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008)).

[3] Woodland Villas held six SFIP Residential Condominium Building Association Policies, each covering a separate building. *See* 44 C.F.R. pt. 61 app. A(3).

[4] Woodland Villas's deadline to submit an SFIP-compliant proof of loss for Hurricane Ida-related damage was February 25, 2022. *See* FED. EMERGENCY MGMT. AGENCY, W-21020, HURRICANE IDA CLAIMS PAYMENT PROCESS (Sep. 16, 2021) (extending proof-of-loss submission deadline to 180-days from date of loss); *cf.* 44 C.F.R.

No. 24-30722

Bodet's report opined that Woodland Villas was entitled to up to 60% of the coverage afforded by the SFIPs. Critically, for the purposes of this appeal, two documents in Bodet's report included a subject line: "SWORN STATEMENT IN PROOF OF LOSS." Bodet signed the report and affixed his Louisiana registered-architect seal. In May 2022, Wright denied the losses claimed in Bodet's report.

In May 2023, Woodland Villas filed suit against Wright for breach of contract. Wright moved for summary judgment, arguing that Woodland Villas failed to submit an SFIP-compliant proof of loss and was therefore barred from further recovery. The district court granted that motion and dismissed the claim with prejudice. Woodland Villas appeals; our review is de novo.[5]

## II.

"An insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim."[6] The SFIP's proof-of-loss requirement directs an insured to "send [the insurer] a proof of loss, which is your statement of the amount you are claiming under the policy signed *and sworn to* by you[.]"[7]

---

§ 61, app. A(3), art. VIII(G)(4)(requiring insured to send proof of loss within 60 days of loss).

[5] *E.g., Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019).

[6] *Ferraro*, 796 F.3d at 534.

[7] 44 C.F.R. § 61, app. A(3), art. VIII(G)(4) (emphasis added); *see* 28 U.S.C. § 1746.

According to Woodland Villas, Bodet's report was sworn.[8] It was signed; it bore his seal; and it was captioned, in part, "SWORN STATEMENT IN PROOF OF LOSS." But all of this is insufficient.

To be sworn, a proof of loss must be notarized or declare that the insured guarantees the truth of his submissions under penalty of perjury.[9] A panel of this court concluded the same in *Clark v. Wright National Flood Insurance Co.*[10] There, a father and son's home flooded twice in the same year.[11] The father had an SFIP for the home; so after each flood, he sent a letter—represented as his proof of loss—to his flood insurer with the statement: "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge."[12] After the insurer denied the amount claimed under the SFIP, the father and son sued, alleging breach of contract.[13] The panel explained that the SFIP—a FEMA regulation—does not define the term "sworn," so a proof of loss must

---

[8] The parties also dispute whether Bodet had the authority to bind Woodland Villas as its agent. We need not reach this issue because Bodet's report was unsworn. *Gowland*, 143 F.3d at 955 ("[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.").

[9] *Clark v. Wright Nat'l Flood Ins. Co.*, 821 F. App'x 342, 346 (5th Cir. 2020) (per curiam) ("[Under the SFIP,] 'sworn to' requires either notarization or a declaration substantially similar to 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" (quoting 28 U.S.C. § 1746)).

[10] *Id.*

[11] *Id.* at 343.

[12] *Id.* at 345.

[13] *Id.* at 344.

comply with 28 U.S.C. § 1746.[14] That statute authorizes the use of an unsworn declaration subscribed to as "true under the penalty of perjury," rather than a sworn declaration attesting to the same under oath, whenever a federal regulation requires a matter to be supported by a sworn statement. Likewise, "FEMA's model [proof-of-loss] form includes an attestation whereby policyholders 'declare under penalty of perjury' that the information in their [proof of loss] is 'true and correct.'"[15] Relying on § 1746, the panel concluded that the father's letters were unsworn and, therefore, could not support their breach-of-contract claim.[16] It reasoned: "Neither of [the father's proofs of loss] satisfy the SFIP's sworn-to requirement because neither . . . was notarized nor included the phrase 'under penalty of perjury.'"[17] While *Clark* is unpublished and therefore nonbinding, we find it persuasive and apply its reasoning here.[18]

Woodland Villas's proof of loss did not comply with the SFIP's "sworn to" requirement, which we must strictly construe. Its proof of loss was unsworn. It was not notarized. And Bodet's report did not include any assurance that it was signed under penalty of perjury.[19] Accordingly, we AFFIRM.

---

[14] *Id.* at 345. Woodland Villas argues, for the first time on appeal, that the SFIP's use of the term "sworn" is ambiguous. This argument was forfeited, and we decline to address it. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397–99 (5th Cir. 2021).

[15] *Clark*, 821 F. App'x at 344.

[16] *Id.* at 345–46.

[17] *Id.* at 346.

[18] This panel finds unavailing Woodland Villas's arguments that *Clark* was wrongly decided.

[19] Woodland Villas invokes Louisiana Administrative Code 46:I.1305(A) for the proposition that the affixation of Bodet's Louisiana registered-architect seal on the report satisfies the SFIP's sworn-to requirement. But that seal only represents an architect's

_____

attestation of factual accuracy. It not a declaration under the penalty of perjury (or a notarization).